IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONATHAN DEANDRE BAILEY, (TDCJ-CID #727064) | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-15-1554 |
| WILLIAM STEPHENS, | § § § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

The petitioner, Jonathan Deandre Bailey, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging his state conviction for murder. Because Bailey filed this suit too late, it must be dismissed.

A jury found Bailey guilty and, on July 19, 1995, sentenced him to a 95-year prison term. (Cause Number 697304). The First Court of Appeals of Texas affirmed Bailey's conviction and sentence on April 24, 1997. The Texas Court of Criminal Appeals refused Bailey's petition for discretionary review on December 10, 1997. *See* Texas Judiciary Website, http://www.cca.courts.state.tx.us/. Bailey filed an application for state habeas corpus relief on September 15, 2014, which the Texas Court of Criminal Appeals denied without written order, on findings of the trial court, on November 26, 2014. Bailey filed a second application for state habeas corpus relief on February 10, 2015, which the Texas Court of Criminal Appeals dismissed for noncompliance on April 8, 2015. On June 4, 2015, this court received Bailey's federal petition. The petition was filed when Bailey gave it to the prison authorities for mailing to the district court,

which is presumed to be the date he signed it. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998); *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), set a one-year statute of limitations for federal habeas corpus petitions filed after April 24, 1996.

The statute provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

A district court may raise the time limit on its own and dismiss a petition before answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). In an order entered on June 18, 2015, this court directed Bailey to file a written statement by July 16, 2015, showing why this court should not dismiss his petition as time-barred under 28 U.S.C. § 2244(d). (Docket Entry No. 3). Bailey complied. (Docket Entry No. 4).

The Texas Court of Criminal Appeals refused Bailey's petition for discretionary review on December 10, 1997. Bailey's state-court conviction became final 90 days after the time for filing a petition for a writ of certiorari expired. Supreme Court Rule 13.1 (West 2002). The limitations period ended on March 10, 1999. Bailey did not file this federal petition until June 4, 2015.

A properly filed application for state postconviction relief extends the limitations period. 28 U.S.C. § 2244(d)(2) (West 1997). Bailey's state habeas application did not extend the period because he filed that application well after the limitations period had ended. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The one-year statute of limitations can be equitably tolled, but only in cases presenting "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis*, 158 F.3d at 810). A habeas petitioner has the burden of proving that he is entitled to equitable tolling. *Phillips*, 216 F.3d at 511. "'Equitable tolling applies principally where the

plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)), *cert. denied,* 529 U.S. 1057 (2000); *see also Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.), *cert. denied,* 120 S. Ct. 504 (1999). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher,* at 715 n.14.

Bailey argues that this court should address the merits of his petition because he was only 15 years old at the time of his conviction. Bailey states that his constitutional rights were violated from the moment of his arrest, making his criminal judgment void. Bailey states that he did not realize he could challenge his conviction until he was transferred to the Allred Unit. (Docket Entry No. 4). But Bailey does not present any explanation why, even if he was only 15 in 2009, he could not have filed his petition between 2002, when he turned 18, or 2005, when he turned 21, and 2015, when he did file it.

Bailey does not identify any grounds for equitable tolling, and the record discloses none. His conclusory allegations do not show how or why he was unaware of the constitutional violations he alleges earlier or why he could and did not raise them earlier. *See, e.g., Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied,* 532 U.S.

963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.) (finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.) (finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999).

Bailey does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Bailey from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Bailey's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Bailey's claims relate to his trial on July 19, 1995. Bailey has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D). Bailey's challenges to his 1995 conviction are dismissed as time-barred. This case is dismissed. Any remaining pending motions are denied as moot.

When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability will not issue unless the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its

procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). The record does not make this showing. This court will not issue a certificate of appealability.

SIGNED on August 11, 2015, at Houston, Texas.

                                            Lee H. Rosenthal
                                     United States District Judge